PIERSOL, District Judge,
concurring.
I concur with the majority that the Pickering test tips in favor of the Board, but I write separately to address the District Court’s error in holding that McLin’s comments were not protected speech on a matter of public concern.
If an employee’s speech cannot be characterized as constituting speech on a matter of public concern, that is, a matter of political, social, or other concern to the community, federal courts need not even consider the reasons for discipline or discharge of the employee. Connick v. Myers, 461 U.S. 138, 146-147, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983). “Whether an employee’s speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record.” Id., 461 U.S. at 147-148, 103 S.Ct. at 1690. A review of the whole record in this case reveals that McLin’s comments addressing police brutality and racial discrimination were in content, form and context a matter of public concern.
Assuming it is not related entirely to a private dispute between the plaintiff and defendant, racism in a public agency is inherently a matter of public concern. See Connick, 461 U.S. at 148 n. 8, 103 S.Ct. at 1691 n. 8 (noting that racial discrimination is a matter inherently of public concern). The content of McLin’s speech was of public concern because it was a protest against police abuse and racism.
The context of McLin’s comments also reinforces the conclusion that his speech addressed a matter of public interest and concern. McLin’s remarks were made in the context of a workshop on police brutality and racism sponsored by the National Black Police Association, of which McLin was the Midwest Regional President. The workshop, held at the AfroCentric Bookstore in St. Louis, was free and open to the public. Approximately 40 people attended, including a representative of the press. McLin was a speaker at the workshop and some of his comments were reported by the St. Louis American newspaper.
The form of a few of McLin’s remarks may have been offensive to some individuals, but this Court has emphasized that the offensiveness of a statement is irrelevant to the issue whether a matter is of public concern. See Casey v. City of Cabool, 12 F.3d 799, 803 (8th Cir.1993); see also Rankin v. McPherson, 483 U.S. 378, 387, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987) (“The inappropriate or controversial character of a statement is irrelevant to the question whether it deals with a matter of public concern.”).
In Rankin, supra, an employee of the police department remarked, after hearing that President Reagan was shot, “If they go for him again, I hope they get him.” *390 483 U.S. at 380, 107 S.Ct. at 2894. The Supreme Court held that this disconcerting statement addressed a matter of public concern. Id., 483 U.S. at 388, 107 S.Ct. at 2899. The Court stated, “ ‘[D]ebate on public issues should be uninhibited, robust, and wide-open, and ... may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials.’ ” Id., 483 U.S. at 387, 107 S.Ct. at 2898 (quoting New York Times Co. v. Sullivan, 376 U.S. 254, 270, 84 S.Ct. 710, 721, 11 L.Ed.2d 686 (1964)). In Casey v. City of Cabool, supra, this Court compared the plaintiffs statements criticizing fire department policies, his remarks accusing the city clerk of using city resources to repair her home, and his allegation that the mayor knew about the city clerk’s activities but did nothing, with the statement made about the president by the plaintiff in Rankin, and said, “Nothing that Casey is alleged to have said could be more disturbing than an expressed desire by a law enforcement employee to see criminal violence inflicted on the president.” 12 F.3d at 803. The Court held that Casey’s speech addressed matters of public concern. Id.
Although some of McLin’s remarks may have been offensive to some people, they were not as offensive as the statement that the Supreme Court found was protected speech in Rankin. In addition, McLin’s statements addressed a serious social problem-the link between racism and police brutality. For these reasons, I see no need to assume that McLin’s comments addressed a matter of public concern. Since the record clearly supports this conclusion, I would expressly hold that McLin’s comments were protected speech.